UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE ANDREW GRAY,

      Petitioner,

                                 Case No. 1:11-cv-1272
v.                                    Hon. Robert J. Jonker

UNITED STATES FEDERAL
BUREAU OF PRISONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Lee Andrew Gray  filed this habeas petition pursuant to 28 U.S.C. § 2241, contesting the calculation of his sentence by the United States Bureau of Prisons (BOP).  This matter is now before the court on respondents' motion to dismiss for lack of jurisdiction (docket no. 11).   The motion is unopposed.

### I.      Background

After a jury trial, petitioner was convicted in this court of being a felon in possession of a firearm, 18 U.S.C.  § 922(g)(1).  *See United  States v. Lee Andrew Gray*, 1:05-cr-156 (W.D. Mich.) (Jury Verdict) (docket no. 32).  On April 20, 2006, the court sentenced petitioner to a term of imprisonment of 84 months with credit for time served, to be followed by a three year term of supervised release.  *See United  States v. Lee Andrew Gray*, 1:05-cr-156 (W.D. Mich.) (Judgment) (docket no. 42).  The Sixth Circuit affirmed the district court's judgment and sentence.  *United States v. Lee Andrew Gray*, No. 06-1701 (6th Cir.) (Order, April 30, 2008).

When Gray filed the present habeas petition, he was incarcerated at the United States Penitentiary in Atlanta, Georgia ("USP Atlanta").  Helen Ramsdell Decl. at ¶ 3 (docket no. 12-1).

The habeas petition does not attack either the judgment or sentence entered on April 20, 2006. Rather, petitioner claims that the BOP failed to credit time served from June 16, 2005 through April 20, 2006, while he was in the custody of federal authorities while on a federal writ of habeas corpus *ad prosequendum* from the Michigan Department of Corrections.  *See* Petition and attachment (docket nos. 1 and 1-1); Ramsdell Decl. at ¶ 4.  In addition, petitioner seeks credit for the time he spent in federal detention prior to sentencing.  *Id.*  BOP records reflect that petitioner was released from USP Atlanta on August 31, 2012.[1]  He is currently on supervised release in this district, where he attended an impact hearing on September 17, 2012.  *United States v. Gray*, No. 1:05-cr-156 (minutes of impact hearing) (docket no. 64).

## II.    Discussion

Respondent seeks dismissal of the petition for lack of jurisdiction, because Gray improperly filed the petition in this district to contest his detention at a federal penitentiary located in Georgia.  The court views this motion as brought pursuant to Fed. Rules Civ. Proc. 12(b)(1) for lack of subject matter jurisdiction.  "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists."  *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

A § 2241 petition attacking the manner in which a sentence is carried out or the prison authorities' determination of its duration must be filed in the same district where the prisoner is incarcerated.  "Whenever a § 2241 habeas petitioner seeks to challenge his present physical

---

[1] *See* BOP Inmate Locator for Lee Andrew Gray, Register No. 12365-040 at www.bop.gov.

custody within the United States, he should name his warden as respondent and file the petition in the *district* of confinement."  *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (emphasis added).  *See Spearman v. Wilson*, 469 Fed. Appx. 435, 436 (6th Cir. 2012) ("a petitioner challenging the execution or manner in which the sentence is served may bring a claim under section 2241 in the court having jurisdiction over the prisoner's custodian"); *Wright v. United States Board of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) (where the petitioner does not attack the sentence imposed "but rather the execution of that sentence by the Parole Commission's interpretation of its guidelines," such an action was cognizable under a  § 2241 proceeding "commenced in the district court having territorial jurisdiction over [the petitioner's] guardian").

In his petition, Gray contends that he was authorized to file this action pursuant to 28 U.S.C. § 2241(d), which provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of *a State court* of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C.  § 2241(d) (emphasis added).  Gray's reliance on § 2241(d) is erroneous, because this action arises from a federal – not a state – judgment and sentence.

Gray should have filed his petition in the Northern District of Georgia, the federal court having territorial jurisdiction over the USP Atlanta, where petitioner was confined when he filed the petition.  *See Padilla*, 542 U.S. at 447;  *Spearman*, 469 Fed. Appx. at 436; *Wright*, 557 F.2d at 77.  This court lacks jurisdiction to address his  § 2241 petition.

3

### III.     Recommendation

For these reasons, I  respectfully recommend that respondent's motion to dismiss

(docket no. 11) be **GRANTED**.


Dated:  October 11, 2012                          /s/ Hugh W. Brenneman, Jr.
                                                 HUGH W. BRENNEMAN, JR.
                                                 United States Magistrate Judge




ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk
of the Court within ten (10) days after service of the report.  All objections and responses to
objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections
within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474
U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).